IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LARRY R. BOYETT, JR.,

    Plaintiff,

vs.                         No. 06-2898-B/V

UNITED STATES MARSHALS SERVICE,

    Defendant.

SECOND ORDER TO COMPLY WITH THE PLRA
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Larry R. Boyett, Jr., Bureau of Prisons inmate registration number 21090-076, a pretrial detainee at the West Tennessee Detention Facility ("WTDF") in Mason, Tennessee,[1] filed a pro se complaint pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1974), on October 23, 2006. The Court issued an order on January 23, 2007 directing Plaintiff, within thirty (30) days, to comply with the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), or remit the $350 civil filing fee. On February 21, 2007, Plaintiff filed a motion requesting a thirty (30) day extension of time to comply with the Court's order, which the Court granted on February 28, 2007. On March 21, 2007, the

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

Clerk docketed a copy of what appears to be an uncertified copy of Plaintiff's inmate trust fund account statement. To date, however, Plaintiff has not filed an in forma pauperis affidavit containing a certification from the trust fund account officer. Nonetheless, because the Court has no discretion to allow Plaintiff a further extension of time to provide the documents required by the PLRA, McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997), and because the information supplied by Plaintiff indicates he is eligible to take advantage of the installment-payment provisions of the PLRA, the Court will address the merits of the complaint. The Clerk shall record the defendant as the U.S. Marshals Service.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $350 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, Plaintiff has not submitted an in forma pauperis affidavit bearing a certification by the trust fund officer, although he has submitted an uncertified trust fund account statement that is sufficient to permit assessment of the filing fee. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order.

---

[2]   Effective April 9, 2006, the civil filing fee increased from $250 to $350.

It is ORDERED that, within thirty (30) days of the entry of this order, Plaintiff file an <u>in</u> <u>forma</u> <u>pauperis</u> affidavit containing a certification by the inmate trust fund officer at his prison. It is further ORDERED that the trust fund officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $350.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the

prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined, he shall provide the officials at the new prison with a copy of this order.

If Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Administrator of the WTDF to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.  Analysis of Plaintiff's Claims

The complaint alleges that, on or about August 23, 2006, Defendant transported Plaintiff from the Shelby County Correctional Center in Memphis, Tennessee to federal court in connection with a pending indictment.[3] Plaintiff was then taken to the WTDF and placed on administrative segregation at the request of Defendant. Plaintiff alleges he was discriminated against in some unspecified way because of his tattoos. He further alleges, without elaboration, that the conditions of confinement are unconstitutional and that his rights under the First, Eighth, and Fourteenth Amendments have been violated. He seeks monetary relief.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff's Bivens claim against Defendant, a federal agency, is barred by sovereign immunity. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001); Fagan v. Luttrell, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("Bivens claims against the United States are barred by

---

[3]  On June 26, 2006, a federal grand jury issued a single-count indictment charging Plaintiff with violating 18 U.S.C. § 922(g). On January 9, 2007, Plaintiff entered a guilty plea, and he is currently awaiting sentencing. United States v. Boyett, No. 06-20239-D (W.D. Tenn.).

sovereign immunity. . . . The United States has not waived its immunity to suit in a Bivens action."); Miller v. Federal Bureau of Investigation, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a Bivens action against a federal agency for damages"). Applying these standards, numerous courts have dismissed Bivens claims against the Marshals Service. See, e.g., Culliver v. Corrections Corp. of Am., No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000); see also Singletary v. United States, 82 F. App'x 621, 623-24 (10th Cir. 2003); Wright v. Meyer, 46 F. App'x 529, 530 (9th Cir. 2002); Taylor v. United States, 248 F.3d 736 (8th Cir. 2001); Schlaeblitz v. United States Dep't of Justice, 924 F.2d 193 (11th Cir. 1991) (per curiam).

The complaint does not assert a valid claim against Defendant pursuant to 42 U.S.C. § 1983, which provides a right of action for violations of the United States Constitution or federal law by persons acting under color of state law. Lugar v. Edmonson Oil Co. Inc., 457 U.S. 922, 924 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155 (1978); Wagner v. Metro. Nashville Airport Auth., 772 F.2d 227, 229 (6th Cir. 1985). Defendant is a federal agency that acts under color of federal law. Franklin v. Henderson, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2001) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983."); Habtemariam v. Adrian, No. 98-3112, 1999 WL 455326, at *2 (6th Cir. June 23, 1999); Johnson v. Ionia United States Postal Serv., Nos. 90-1078, 90-1313, 1990 WL 115930, at *1 (6th Cir. Aug.

10, 1990); <u>Walber v. United States Dep't of Housing & Urban Dev.</u>, No. 88-1984, 1990 WL 19665, at *2 (6th Cir. Mar. 5, 1990).

Accordingly, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(2) and 1915A(b)(1), for failure to state a claim on which relief may be granted. The Court also DISMISSES the <u>Bivens</u> claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(3) and 1915A(b)(2), because it seeks monetary relief from a defendant who is immune from such relief.

III. <u>Appeal Issues</u>

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken

in good faith and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if Plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases for failure to state a claim or as frivolous.

IT IS SO ORDERED this 23rd day of March, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4] Effective April 9, 2006, the appellate filing fee increased from $255 to $455.